UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JULIUS BROWN,

                              Plaintiff,                    **ORDER**
                                                                                     CV 15-0263 (JFB) (SIL)

     -against-

HEMPSTEAD UNION FREE SCHOOL DISTRICT,
et al.,

                              Defendants.
-----------------------------------------------------------------X
**LOCKE, Magistrate Judge:**

      Before the Court in this 42 U.S.C. § 1983 First Amendment free speech and retaliation action is a letter motion by Defendant Betty Cross ("Cross") seeking to quash a non-party subpoena served by Plaintiff Julius Brown ("Brown" or "Plaintiff") on Cross's alleged bank, TD Bank, N.A. ("TD Bank"). *See* Docket Entry ("DE") [20].[1] Plaintiff opposes the motion. *See* DE [22]. For the reasons set forth below, the motion is granted in part and denied in part.

**I. BACKGROUND**

      Plaintiff, a former Deputy Superintendent of Defendant Hempstead Union Free School District (the "District"), alleges that he was retaliated against in violation of his First Amendment free speech rights. *See* Complaint ("Compl.") ¶ 2, DE [1]. Brown asserts that Cross, the former school board President, collected bribes from people seeking employment within the District. *Id.* Consistent with this claim, he alleges that Cross, through an intermediary, attempted to extort monies from him by promising that Brown could get any position at the District if he paid a "'tithe' (more appropriately called a bribe) consisting of 10% of the job's yearly salary." *Id.* at ¶ 15. Brown did not pay the bribe, but claims that as a result of reporting this conduct and exposing

---
[1] Cross expressly refuses to admit or deny that she maintains an account at TD Bank.

District practices about student grade manipulation, *id.* at ¶ 3, he was threatened and retaliated against, ultimately being terminated from his employment with the District. *Id.* at ¶ 4.

By Notice of Subpoena dated October 14, 2015, Plaintiff advised Defendants of his intention to serve a subpoena on TD Bank seeking production of "All bank statement records for Betty Cross," *see* Subpoena, DE [20-1], in a purported effort to demonstrate that Cross took bribes from other District employees. *See* DE [22] at 2-3. The parties engaged in good faith efforts to resolve the dispute but were unsuccessful, resulting in the submission of Plaintiff's motion to quash the subpoena.

## II. DISCUSSION

Plaintiff does not appear to dispute Cross's standing to move to quash the subpoena. As a general rule, a party lacks standing to challenge a non-party subpoena unless that party has a personal right or privilege with respect to the documents sought. *See Lev v. S. Nassau Communities Hosp.*, No. CV 10-5435, 2011 WL 3652282, at *1 (E.D.N.Y. Aug. 18, 2011). Cross argues that she has a privacy interest in maintaining the confidentiality of her banking records, and the Court agrees. *See generally Zagroba v. York Restoration Corp.*, No. 10 CV 2663, 2011 WL 2133837, *1 (E.D.N.Y. May 26, 2011) (plaintiffs "have a privacy interest in their own bank records" and thus have standing to challenge subpoenas); *Carey v. Berisford Metals Corp.*, No. 90 Civ. 1045, 1991 WL 44843, at *7 (S.D.N.Y. 1991) (party's privacy interest in bank records sufficient to confer standing). Accordingly, the Court concludes that she has standing to bring this motion.

In addition to denying that she ever took any bribe, Cross raises three arguments in support of her motion to quash: (1) whether Cross took a bribe is irrelevant to the claims in this action; (2) the bank statements will not provide the information Plaintiff seeks since they will show deposits,

2

checks written, and withdrawals, but will not identify the source of the deposited funds; and (3) the subpoena is not limited to any specific time period. The first two arguments concern the relevance of the discovery sought, and therefore are treated together.

A. Relevance

Rule 26 of the Federal Rules of Civil Procedure, as recently amended, allows for the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." FED. R. CIV. P. 26(b)(1). Although discovery "no longer extends to anything related to the 'subject matter' of the litigation, relevance is still to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *Lightsquared Inc. v. Deere & Co.*, No. 13 Civ. 8157, 2015 WL 8675377, at *2 (S.D.N.Y. Dec. 10, 2015) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S. Ct. 2380 (1978)). Further, "[t]he burden of demonstrating relevance remains on the party seeking discovery," after which "the party resisting discovery has be burden of showing undue burden or expense." *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14 Civ. 9792, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) (citing FED. R. CIV. P. 26(b)(1) advisory committee notes to 2015 amendment). Discovery need not be admissible in evidence, however, to be discoverable. *See* FED. R. CIV. P. 26 (b)(1).

Initially, Cross argues that because Brown alleges that he was solicited to pay a bribe but did not do so, the bank statements will not provide any evidence to support this allegation. Whether she took bribes from *other* people is not relevant and the subpoena is nothing more than "an attempt to embarrass Cross and/or annoy her by obtaining confidential financial information about her." Defs' ltr at 2, DE [20].

The Court disagrees. Plaintiff is not trying to demonstrate that he paid a bribe. Rather, he seeks evidence of bribes Cross took from other District employees, which "would be probative of whether she sought such a bribe from Plaintiff," and therefore "relevant to her motive to retaliate against Plaintiff for his protected speech," complaining about Cross's conduct. DE [22] at 2. Although the bank statements will not identify who provided Cross with monies she deposited, the deposit information could support the allegation that Cross received a ten percent "tithe" from employees by showing deposits of certain amounts on or around employee pay days. Such proof would bolster Brown's claim that his termination was motivated by his exposure of her alleged bribery practices. Accordingly, the bank statements sought should be produced subject to certain limitations.[2]

Cross also notes that Plaintiff's basis for seeking the records stem from his alleged discussions with a "New York State entity" that identified TD Bank as "a source of information that would be very interesting to the Plaintiff's case," and argues that since Brown has not identified the speaker and the basis for the speaker's information, the subpoena is a fishing expedition based on a "hunch." DE [20] at 2. Brown counters that he was informed by the Nassau County District Attorney's Office, which is or was investigating bribery allegations against Cross, that Cross maintained a TD Bank account that held information helpful to Plaintiff's case. DE [22] at 2. As Plaintiff has limited the subpoena to the one bank identified to him and does not seek Cross's banking information beyond that one bank, the Court finds that the TD Bank subpoena is not a "fishing expedition," but rather a focused attempt to secure relevant information.

---

[2] In making this decision, the Court notes that Cross does not make any argument concerning whether the discovery sought is proportional to the needs of the case.

4

B.  Scope

Cross further objects to the subpoena because the time period for which the statements are sought is vague.  The subpoena is lacking in any temporal scope as it generally seeks "[a]ll bank statement records" for Cross without limitation.  Plaintiff states that he offered to limit the time frame, but that Defendants rejected the proposal.  The Court agrees that the subpoena is overbroad with respect to the time period.  Accordingly, the subpoena shall be amended to cover the time period from December 2011, approximately one year prior to the alleged bribery attempt described in the Complaint, through January 2015, approximately one year after Plaintiff's termination.

## III.  CONCLUSION

The motion to quash is granted to the extent that the subpoena shall be amended to cover the time frame from December 2011 through January 2015, and is denied in all other respects.  Any materials received in response to this subpoena shall be kept confidential and used only for the purpose of this litigation and no other purpose.

Dated: Central Islip, New York  **SO ORDERED:**
       January 7, 2016

  s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge